WARD and another *vs.* THE MONTCLAIR RAILWAY COMPANY and others.

1. A purchaser at a receiver's sale of a railroad, who, on the ground of the interest thereby acquired, was admitted a defendant in a suit to foreclose a first mortgage on the property of the railroad, but with the right only to appear at the taking of the account of the amount due on the mortgage, and to be notified of the taking of the account; (a decree had been made, that the complainants were entitled to a sale of the mortgaged

premises, to pay the amount due thereon;) but who, before the master's report was made, had lost all his interest in the mortgaged premises by reason of a sale thereof under foreclosure of a second mortgage, has no interest in the suit to entitle him to have the final decree therein opened, and the execution set aside, because he was not notified of the taking of the account.

2. Any interest such person might have by reason of his ownership of any bonds secured by complainants' mortgage, can be protected by proceedings to prevent injustice in the distribution by the trustees of the proceeds of sale.

On petition of William A. Guest to open the final decree and set aside the execution.

*Mr. John Linn,* for the petitioner.

*Mr. R. Wayne Parker* and *Mr. Cortlandt Parker,* for the complainants.

THE CHANCELLOR.

The petitioner complains that he has been deprived of an opportunity to offer evidence before the master, and on that ground, and the ground of irregularity in making the final decree, prays that the decree may be opened, and the execution for the sale of the mortgaged premises set aside. The suit was brought to foreclose the first mortgage. The petitioner was admitted a defendant, on the ground of his interest as purchaser at the receiver's sale. By the terms of the order he was not permitted either to plead, answer or demur, or to make any defence to the action, but had the right to appear at the taking of the account of the amount due on the complainants' mortgage, and was to be notified of the taking of the account accordingly. By a decree, before then made, the complainants had been decreed to be entitled to the sale of the mortgaged premises, to raise and pay the amount due on their mortgage.

After the making of the order admitting him as a defendant, and before the master's report was made, the petitioner lost all his interest in the premises, by reason of the sale

thereof under foreclosure of the second mortgage. Consequently he had no interest as owner of the premises in the subject of the reference, when the report was made. Nor does it appear that he had any interest in the reference in any other way. It is true he testifies that he is "interested" in the bonds secured by the complainants' mortgage, but what the interest is he does not state. If he be the owner of any of the bonds, he may obtain all the protection to which he is entitled, by appropriate proceedings to prevent any injustice in the distribution by the trustees of the proceeds of the sale. There appear to be no merits in this application.

The petition will be dismissed.